IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOYCE M. WALLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-06-580-L ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration,[1] | ) ) ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security Administration denying her application for supplemental security income benefits. Pursuant to an order entered by United States District Judge Tim Leonard, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)( B). The matter is before the Court on the Commissioner's motion to reverse and remand this matter for further administrative proceedings. Plaintiff has filed a response opposing the motion. For the reasons stated herein, it is recommended that the motion be granted, and that the decision of the Commissioner be reversed and the matter remanded for further administrative proceedings consistent with this Report and Recommendation.

---

[1] As of February 1, 2007, Michael J. Astrue became the Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d)(1) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Michael J. Astrue is substituted for former Commissioner Jo Anne B. Barnhart as the Defendant in this suit.

After the Commissioner answered and filed the administrative record, the Court set a briefing schedule to allow the parties to present their respective positions and legal authorities regarding judicial review. [Doc. No. 14]. Plaintiff thereafter moved for an extension of time to file her opening brief due to the fact that the transcript prepared and filed by the Commissioner lacked the testimony of the vocational expert. [Doc. No. 15]. The Commissioner thereafter supplemented the administrative record [Doc. No. 17], but Plaintiff's Opening Brief states:

> Plaintiff's review of that supplemental transcript showed the ALJ's questioning and the vocational expert's testimony on step five jobs was still missing. TR. 387a. On October 6, 2006, Plaintiff's counsel's office staff contacted Defendant's counsel and advised them that the step five evidence was not provided in the supplemental transcript. In the following week, Defendant's counsel notified Plaintiff's counsel that it considered the record in this case to be complete.

Plaintiff's Opening Brief, p. 3.

In her Opening Brief, Plaintiff raised the following four issues. First, citing the lack of vocational testimony, Plaintiff alleged that the Commissioner's step-five determination that she could make an adjustment to work existing in significant numbers in the national economy, in particular that there were three unskilled jobs she could perform, is unsupported by substantial evidence. Plaintiff's Opening Brief, p. 2-3 (citing Tr. 20).

Second, she claims that the administrative law judge erred in failing to assess all of the evidence relating to Plaintiff's asthma. Plaintiff's Opening Brief, p. 3-4. She claims that the decision of the administrative law judge makes it unclear whether additional records submitted after the hearing were considered, and that it is also unclear how many

emergency room visits in the year 2003 the administrative law judge considered to meet the asthma listing level in the Listing of Impairments, 20 C.F.R. Part 404, Appendix 1, Subpart P, Regulation No. 4, Listing 3.03B.  Plaintiff's Opening Brief, p.3-4.

Third, she claims that the administrative law judge failed to properly assess her residual functional capacity in three respects: mental, hearing, and asthma related limitations.  She claims that the decision of the administrative law judge did not follow the special technique required for evaluating the severity of mental impairments; in particular, that she used a range of severity from mild to moderate or moderate to marked, which is not contemplated by the regulations.  More significantly, Plaintiff claims that the administrative law judge failed to address mental limitations imposed by state agency psychological consultants when she found no limitation in her ability to relate to supervisors and co-workers – contrary to their mental residual functional capacity assessment. Plaintiff's Opening Brief, p. 4-5.  She claims that the administrative law judge did not cite evidence in support of her finding that Plaintiff's hearing is improved in her right ear when she used hearing aids, which Plaintiff claims is contradicted by the medical evidence and she claims the administrative law judge failed to address the Plaintiff's testimony regarding the findings of a hearing specialist she had seen the day of the hearing.  Plaintiff's Opening Brief, p. 5-6.  She claims that the administrative law judge's limitation that Plaintiff could not work in constant exposure to background noise was not based on substantial evidence in that it was based on her finding that Plaintiff could adequately read lips. Plaintiff's Opening Brief, p. 6.  She claims that the administrative law judge failed to take into consideration her own

3

communication limitations, that is, that her speech is "slurry" like that of a deaf person. Id. at 7. She also claims that the administrative law judge's assessment of a 15% decrease in pace due to hearing impairment is not supported by any evidence in the record, and that the administrative law judge made no assessment of Plaintiff's ability to concentrate and focus on job tasks while she is also required to face and listen intently to conversations going on around her. Id. Finally, she claims that the administrative law judge's finding limiting Plaintiff to working in an environment in which she is not constantly exposed to dust, fumes, or chemicals, is not supported by evidence in that she did not quantify what amount of these irritants would trigger an attack. Id. at 7-8. She also claims that the administrative law judge did not take into account the amount of time that would be taken away from the workday for breathing machine treatments, or the side effects of asthma medications. Id.

Fourth, and finally, Plaintiff claims that the administrative law judge failed to properly assess her credibility – using "boilerplate" language not supported by evidence. Plaintiff's Opening Brief, p. 8-9. Plaintiff contends that the administrative law judge failed to follow the legal standards prescribed for consideration of a claimant's failure to follow treatment, and was incorrect in stating that Plaintiff's mental health symptoms were not documented in the record. Plaintiff's Opening Brief, p. 10-11. She further contends that if additional information in the form of documentation of her prior suicide attempts was material, the administrative law judge should have made every reasonable effort to obtain that information. Id. at 11.

After filing his own motion for extension of time, the Commissioner then filed a motion to remand this case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). In particular, the Commissioner seeks remand in order for the administrative law judge

> [t]o hold a supplemental hearing, during which the [administrative law judge] will obtain expert testimony concerning whether jobs exist in the national economy for an individual with Plaintiff's age, education, past relevant work experience, and residual functional capacity.

Commissioner's Motion, p. 2. In the Commissioner's request for reversal and remand, he essentially confesses Plaintiff's first claim of error that there is not substantial evidence supporting the administrative law judge's finding at step five of the sequential process. However, he fails to address Plaintiff's other claimed errors.

Plaintiff has filed an objection agreeing that remand is required, but objecting to a remand limited to this one issue. Plaintiff's Response, p. 1. Plaintiff contends that the administrative law judge made other significant errors equally affecting disposition of her claim, and that it has been Plaintiff's counsel's experience that an administrative law judge on remand will limit the issues considered to those listed in the remand order. Plaintiff's Objection, p. 2. Her counsel states in the objection to the motion to remand that counsel for the Commissioner has represented that the Appeals Council would not allow the inclusion of the additional issues in the current request for remand. Id. However, Plaintiff is concerned that failure to include them in the remand order will be viewed by the administrative law judge as a waiver of the other issues raised in the appeal now before the Court. She also contends that such a piecemeal approach to this matter will be a waste of judicial resources. Id. at 3.

Sentence four of section 405(g) provides, in relevant part: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.  The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight.  However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart,  365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted).  The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751 & n. 2.  If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given her age, education, and work experience. Id. at 751.

As noted above, the Commissioner's motion concedes, and the undersigned's review of the record confirms, that there is a substantive error here which requires

reversal and remand of this case. In this case, the administrative law judge proceeded to the fifth and final step of the sequential evaluation process and determined, based upon evidence in the form of the testimony of a vocational expert, that Plaintiff retains the capacity "to make an adjustment to work which exists in significant numbers in the national economy...." Tr. 20. Jobs identified by the vocational expert included document preparer, file clerk, and office helper. Tr. 20. The administrative law judge referenced Medical-Vocational Rules 202.17 and 202.20, but acknowledged that application of these rules alone to reach a finding of "not disabled" was inappropriate due to Plaintiff's "nonexertional limitations which narrow the range of work she is capable of performing." Id. Thus, without any testimony from a vocational expert, the administrative law judge's step-five finding that Plaintiff is able to make an adjustment to other work is not supported by substantial evidence. This combined with the administrative law judge's finding that Plaintiff lacks the RFC to perform her past relevant work necessitates reversal and remand of this case for further proceedings.

The undersigned's recommendation that the case be remanded for further proceedings due to an error at step five makes it unnecessary to address Plaintiff's other claims of error. See Watkins v. Barnhart, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand."). However, the undersigned finds Plaintiff's concerns valid regarding the possibility that the administrative law judge might construe a remand order limited to this one issue as a substantive comment on the merits of Plaintiff's other claimed errors. Accordingly,

7

without limiting the administrative law judge to other issues not mentioned herein, and without having the benefit of the Commissioner's brief on the issues that are addressed, the undersigned notes the following points of concern for the administrative law judge's guidance on remand.

First, the administrative law judge's discussion of Plaintiff's severe asthma episodes in the context of Listing 3.03 is unclear – both as to the final number of severe episodes found and whether or not records received after the hearing were considered. See Tr. 17, 117, 365-66. Second, the administrative law judge should more clearly state the final rating of functional limitation for all of the four "B" criteria of the psychiatric review technique (PRT) – using proper PRT nomenclature – and address the relationship between each of the agency medical consultants' findings regarding Plaintiff's ability to interact with supervisors and other employees and the administrative law judge's finding in that regard. See Tr. 17, 236, 261. Third, the administrative law judge should accurately and precisely relate any nonexertional limitations caused by Plaintiff's hearing loss in his or her hypothetical questions to the vocational expert so that the expert can assess any erosion of the occupational base as a result of those limitations. Fourth, the administrative law judge should address the impact, if any, of the medication side effects noted by Dr. Badgett on Plaintiff's residual functional capacity. See Tr. 279.

In order to address the above issues, together with any others the Commissioner finds to be appropriate, the administrative law judge should engage in all necessary fact finding, apply the applicable legal standards, and then document the same in a decision facilitating review in the event such should be required.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, the Commissioner's motion to remand and Plaintiff's response thereto, the undersigned Magistrate Judge recommends that the Commissioner's motion to remand [doc. No. 21] be granted and the final decision of the Commissioner of Social Security Administration be reversed and the matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a supplemental hearing. The hearing should be conducted to obtain vocational expert testimony concerning whether jobs exist in the national economy for an individual with Plaintiff's age, education, past relevant work experience, and residual functional capacity, as well as the other issues addressed herein. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by May 7, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 17th day of April, 2007.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE